UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PLAZA-UZETA,<br><br>    Petitioner,<br><br>    v.<br><br>TAYLOR, FCI Mendota Warden,<br><br>    Respondent. | Case No.  1:23-cv-01773-HBK (HC)<br><br>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 13) |

Petitioner Ruben Plaza-Uzeta ("Petitioner"), a federal inmate proceeding pro se, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at Federal Correction Institution ("FCI") Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court on December 27, 2023.  (Doc. No. 1, "Petition").  The Petition challenges the execution of Petitioner's sentence on three grounds for relief: (1) Petitioner is entitled to have his sentence computation begin from the date his federal sentence was imposed on March 6, 2007, to run concurrently with his state sentence; (2) Petitioner is entitled to credits for time served in state custody; and (3) the disciplinary hearing officer ("DHO") lacked authority to impose the sanction of loss of good time credit on him

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. No. 18).

because at the time it was imposed Petitioner was serving a life sentence. (*Id*. at 5-10). Respondent filed a Motion to Dismiss the Petition with Appendix on April 1, 2024. (Doc. No. 13). Respondent argues that Grounds One and Two of the Petition should be dismissed for lack of jurisdiction because relief has been granted on those grounds, and in the alternative, Petitioner failed to exhaust his administrative remedies as to Grounds One and Two. (*Id*. at 2-3). In reply, Petitioner concedes the BOP "has already awarded the demands of time credit requested" and he voluntarily dismisses Grounds One and Two. (Doc. No. 14 at 1).

As to Ground Three, Respondent argues the claim is without merit. (Doc. No. 13 at 3-4). In passing, Respondent also asserts that Petitioner failed to exhaust his administrative remedies with Ground Three but fails to further elaborate on the exhaustion issue. (*Id*. at 4:17-19). In response, Petitioner argues he attempted to exhaust administrative remedies but did not receive a response from the Regional Director and restates his argument in the Petition that the DHO "exceeded his jurisdiction" by imposing loss of good conduct time ("GCT"). (Doc. No. 14 at 2-3). For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I.  BACKGROUND

In 2005, Petitioner was charged in the United States District Court for the District of Arizona with conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203 (count 1), substantive hostage taking in violation of 18 U.S.C. § 1203 (count 2), conspiracy to harbor illegal aliens in violation of 18 U.S.C. §§ 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), 1324(a)(1)(A)(iii) (count 3), harboring of illegal aliens in violation of 18 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II) (count 4), and possession and use of a firearm in commission of a crime of violence in violation of 18 U.S.C. § 924(c) (count 5). *See United States v. Medina-Nevarez et al*, No. 2:05-cr-00225-GMS-2, Crim. Doc. No. 1 (D. Ariz.)[2]; Doc. No. 13-1 at 2. In 2007, after a jury trial, Petitioner was sentenced to terms of life for convictions on counts 1 and 2, 120 months for convictions on counts 3 and 4, and 84 months for conviction on count 5. Crim. Doc. No. 115, 179; Doc. No. 13-1 at 15. The conviction and sentence were affirmed by the Ninth Circuit Court

---

[2] The undersigned cites to the record in Petitioner's underlying D-AZ criminal cases as "Crim. Doc. No. _."

1    of Appeals. *United States v. Plaza-Uzeta*, 282 Fed. App'x 522 (9th Cir. June 10, 2008); Crim.
2    Doc. No. 223.

3          In 2021, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §
4    2255 was granted, and it was further ordered that his § 924(c) conviction (count 5) be vacated.
5    Crim. Doc. No. 279; Doc. No. 13-1 at 26.  In 2022, Petitioner was resentenced *inter alia* to 360
6    months for counts 1 and 2, and 120 months on counts 3 and 4 to run concurrently, with credit for
7    time served.  Crim. Doc. No. 316; Doc. No. 13-1 at 33.  As noted by Respondent, after the instant
8    § 2241 motion was filed, BOP conducted an audit of Petitioner's sentence including a BOP
9    disciplinary summary.  (Doc. No. 13 at 2).  As relevant to grounds one and two of this Petition,
10   BOP recalculated Petitioner's sentence to commence on March 6, 2007, the date his sentence was
11   imposed, and credited him for 160 days spent in state custody.  (*Id.* at 2; Doc. No. 13-1 at 43-46).
12   As pertains to ground three, the sole remaining claim at issue in the Petition, BOP inmate
13   discipline data indicates that Petitioner was sanctioned with GCT disallowance of 40 days for
14   possessing a dangerous weapon in 2010 and sanctioned with GCT disallowance of 41 days for
15   possessing a dangerous weapon in 2021.  (Doc. No. 13 at 2; Doc. No. 13-1 at 24).  Thus,
16   Petitioner received 837 days of earned GCT, with a total projected GCT earned amount of 1,539
17   days.  (Doc. No. 13-1 at 46, 52-53).  According to the most recent BOP sentence computation
18   data before the Court, Petitioner's projected release date is July 10, 2032.  (*Id.*).

## II.  APPLICABLE LAW AND ANALYSIS

20         Under Rule 4, if a petition is not dismissed at screening, the judge "must order the
21   respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases
22   4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the
23   respondent to make a motion to dismiss based upon information furnished by respondent."  A
24   motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to
25   dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d
26   418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it
27   "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d
28   687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**A. Grounds One and Two**

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Thus, to maintain a viable claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.*  If there is no longer a possibility that a party seeking relief can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.  See *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

Respondent argues, and Petitioner concedes, that the relief requested on Grounds One and Two of the Petition was satisfied.  Indeed, Petitioner requests to voluntarily dismiss these grounds.  Thus, this Court cannot grant any meaningful relief and finds Grounds One and Two moot.

**B. Ground Three**

**1. Exhaustion**

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition is judicially created; it is not a statutory requirement.  *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995).  Because exhaustion is not required by statute, it is not jurisdictional.  *Id*. (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc*., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id*.

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the

1  administrative level," and (3) allows "the administrative agency an opportunity to correct errors
2  occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th
3  Cir. 1983) (per curiam).  Dismissal is appropriate when a federal prisoner has not exhausted the
4  administrative remedies made available by the BOP.  *See Quinonez v. McGrew*, 649 F. App'x 475
5  (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did
6  not complete any level of the BOP's Administrative Remedy Program and there is no indication
7  that his pursuit of those remedies would be futile").  A court may waive the exhaustion
8  requirement when administrative remedies are inadequate, irreparable injury may occur without
9  immediate judicial relief, or exhaustion otherwise would be futile.  *Laing v. Ashcroft*, 370 F.3d
10 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is
11 ordinarily reserved for instances in which no other judicial remedy is available.").
12    Respondent generally asserts Petitioner failed to exhaust administrative remedies as to
13 ground three without elaboration.  (Doc. No. 13 at 4:17-19).  Respondent does not attach a
14 declaration or point to any exhibits in support of the exhaustion issue.
15    In his Petition, Petitioner generally states that he exhausted "all" his administrative
16 remedies (Doc. No. 1 at 5); and attaches exhibits to his Petition including attempts at
17 administrative remedy, requests for extensions of time for administrative response, and the
18 reasons given for denying his requests.  (*Id*. at 13-23).  In his response to the Motion to Dismiss,
19 Petitioner argues the Regional Director did not issue a response to his appeal and "[t]herefore, it
20 must be determined that [Petitioner] has exhausted all his available remedies, because total
21 exhaustion lies in the availability of the remedy."  (Doc. No. 14 at 1-2).
22    After reviewing the documents submitted by Petitioner, it is unclear to the Court whether
23 he has fully exhausted his administrative remedies.  Regardless, the Court finds it would be futile
24 for Petitioner to pursue further administrative remedies because Petitioner's sole remaining
25 ground for relief has no merit.  *See Seriales v. Lizarraga*, 2019 WL 201524, at *4 (E.D. Cal. Jan.
26 15, 2019) (excusing exhaustion requirement because Petitioner's claims are without merit, and
27 any attempt to exhaust would be futile); *see also Ahmed v. United States Bureau of Prisons*, 2024
28 WL 643514, at *5 (D. Ariz. Jan. 26, 2024).  Therefore, given the exhaustion dispute, the Court

1  waives the exhaustion requirement and turns to the merits of Ground Three.

## 2. The BOP Properly Executed Petitioner's Sentence

A federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, but a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. *See, e.g., Clark v. Floyd*, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center); *Barden v. Keohane*, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing BOP erred in determining whether petitioner could receive credit for time spent in state custody). A district court has jurisdiction to review claims alleging that BOP undertook action that is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority vested in the agency by Congress. *Moon v. Thomas*, 787 F. Supp. 2d 1154, 1160 (D. Or. Apr. 1, 2011); *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011) (finding that while judicial review is available for BOP actions contrary to federal law or in violation of the Constitution, or claims the BOP exceeds statutory authority, federal courts lack jurisdiction to review BOP's individualized determinations made pursuant to 18 U.S.C. § 3632).

Here, Petitioner claims the BOP's computation of his sentence unlawfully effects the length of his sentence. Specifically, Petitioner argues the disciplinary hearing officer (DHO) lacked authority to impose a sanction of loss of good time credits in 2010 and 2021 because he was serving a life sentence at the time he was sanctioned. (Doc. No. 1 at 6-7). Thus, the claim is proper under 28 U.S.C. § 2241 as it challenges the execution of Petitioner's sentence rather than

the sentence's imposition.  *See, e.g., Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) (upholding BOP's computation of good time credits and expected release date).

Petitioner argues that because prisoners sentenced to life are statutorily ineligible to earn good conduct time (18 U.S.C. § 3624), any challenge to the loss of good conduct time because of disciplinary action is not cognizable on federal habeas review.  (Doc. No. 14 at 2-3); *see, e.g., Jeburk v. Milusnic*, 2019 WL 5089202, at *2 (C.D. Cal. July 12, 2019); *Saunders v. Gutierrez*, 2011 WL 5933292, at *2 (C.D. Cal. Oct. 17, 2011) ("Petitioner is not even eligible to earn good conduct time because he has been sentenced to a term of life imprisonment.  Thus, even if disciplinary findings were expunged, Petitioner's term of imprisonment would remain unchanged.  Petitioner's claims clearly do not implicate the fact or duration of his confinement.").  Petitioner relies on this well-established case law to argue the inverse is also true, namely, that "in the same way that an inmate is not entitled to due process because he has no good time available to lose [,] the DHO loses his authority to take it simply because it's not available.  So, when DHO prescribes a sanction of 41 days disallowance on a prisoner who is serving a LIFE sentence such sanction shall not be enforced later on, if the prisoner's sentence change[s]."  (Doc. No. 1 at 9) (emphasis in original).  In support of this argument, Petitioner cites BOP Program Statement 5270.09, which he claims, "authorizes up to 41 days of available good time disallowance, or 75% of available time if less than 54 days are available."  (*Id*. at 10).  According to Petitioner, he had no "available time" because he was serving a life sentence at the time; thus, the DHO violated a BOP policy by sanctioning him with loss of good conduct time because "the DHO had 75% of zero time available to take from."  (Doc. No. 1 at 9-10).  This argument is inapposite.

Under 18 U.S.C. § 3585, the Attorney General, through the BOP, is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992).  "After a defendant is sentenced, the BOP is responsible for determining (i) the date the federal sentence 'commences'; (ii) whether the defendant should receive credit for time spent in custody before the sentence 'commenced'; and (iii) whether the defendant should be awarded credit for 'good time.'" *Tompkins v. Graber*, 2015 WL 1536289, at *5 (D. Ar. Apr. 6, 2015) (citing 18 U.S.C. § 3585(a) and (b); *Wilson*, 503 U.S. at 331-32 (BOP determines credit issues, not district courts)).

Further, a plain reading of BOP Program Statement 5270.09, confirms that loss of good conduct sentence credit is a *mandatory* sanction for PLRA inmates, such as Petitioner, and for greatest severity level offenses the DHO is required to impose "at least 41 days, or 75% of available credit if less than 54 days are available for the prorated period, for each act committed." *See* BOP Program Statement 5270.09, *Inmate Discipline Program*, codified at 28 C.F.R. § 541.1 *et seq*. Petitioner cites several cases that generally note a prisoner incarcerated for a term of life imprisonment cannot earn good conduct time, and therefore "cannot" be sanctioned with loss of good conduct time. (Doc. No. 1 at 9 (citing *Lewis v. Howard*, 2022 WL 837533, at *1 (D. Ariz. Feb. 7, 2022) (denying as moot claim regarding reinstating good time credits by petitioner serving life sentence because, despite the sanction imposed by the DHO, BOP computation indicated petitioner did not lose good time credits as a result of disciplinary action); *Milton v. Lara*, 2016 WL 8467791, at *2-3 (E.D. Tex. Nov. 22, 2016) (noting petitioner sentenced to life "could not have been sanctioned to earn [good conduct] time he never earned" and dismissing for lack of jurisdiction because the instant petition does not affect the fact or duration of his sentence)).

However, neither case supports Petitioner's argument regarding the authority of a DHO, pursuant to BOP policy, to impose sanctions of good conduct time; rather, the courts found the claims for restoration of good conduct time were moot and the court lacked jurisdiction, respectively, because the petitioners were sentenced to life and therefore ineligible to earn good conduct time pursuant to 18 U.S.C. § 3624(b)(1). *Id*. In contrast here, Petitioner's life sentence was reduced from life to 360 months. (Doc. No. 13-1 at 33). Thus, while Petitioner attempts to limit the scope of his argument to the authority of the DHO pursuant to BOP policy at the time he was serving a life sentence, as noted by Respondent, the BOP appropriately recalculated Petitioner's release date after his sentenced was reduced as if the new sentence had commenced on the same date as the original sentence. (Doc. No. 13 at 3); *see Schleining*, 642 F.3d at 1244 ("a federal sentence cannot commence until a prisoner is sentenced in federal district court."). Under 18 U.S.C. § 3624(b),

> (b) Credit toward service of sentence for satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of

> imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. **Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.** …
>
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b) (emphasis added). Accordingly, Respondent submits sentence monitoring data indicating that Petitioner is eligible to receive good conduct time credit for each year of his reduced sentence, offset by 81 days for documented loss of good conduct time for disciplinary sanctions in 2010 (40 days) and 2021 (41 days), with a total earned and projected amount of 1,539 days. (Doc. No. 13-1 at 24, 52-53). Petitioner has failed to show any violation of federal law in the BOP's calculation of his good conduct credits; nor has he cited any evidence or federal law to support his argument that the DHO in each of his respective disciplinary hearings lacked authority to impose the sanction of good conduct time loss. *Cf. McKneely v. Fox*, 2016 WL 11756701 (C.D. Cal. Jan. 26, 2016) (citing *Barber v. Thomas*, 560 U.S. 474, 492 (2010) ("a finding that BOP could not reduce petitioner's GCT credit based on his failure to comply with BOP disciplinary regulations simply because he was then serving a life sentence would fail to reflect 'the most natural reading of the statutory language and the most consistent with its purpose.'"). Finally, even assuming arguendo that the DHO improperly assessed the loss of good time credits as a sanction when Petitioner was serving a life sentence, a "habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb*, 636 F.3d at 1227.

Based on the foregoing, Petitioner has not shown that the BOP committed legal error in the execution of his sentence, and the Court finds he is not entitled to habeas corpus relief.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 13) is GRANTED to the extent Grounds One and Two are dismissed as moot and Ground Three is denied without merit.

2. The Clerk of Court is directed to terminate any pending motions and deadlines and close this case.

Dated:   October 15, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE