UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PLAZA-UZETA,<br><br>        Petitioner,<br><br>    v.<br><br>TAYLOR, FCI Mendota Warden,<br><br>        Respondent. | Case No. 1:23-cv-01773-HBK (HC)<br><br>ORDER GRANTING CLARIFICATION TO LIMITED EXTENT[1]<br><br>(Doc. No. 24) |

    Before the Court is Petitioner's "motion for clarification of judgment." (Doc. No. 24, "Motion"). Petitioner Ruben Plaza-Uzeta is a federal prisoner who initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1, "Petition"). On October 15, 2024, the undersigned granted Respondent's motion to dismiss the Petition, the Petition was dismissed, and judgment was entered the same day. (Doc. Nos. 19-20). On October 29, 2024, Petitioner filed a Notice of Appeal, and the Appeal was processed to the U.S. Court of Appeals for the Ninth Circuit on the same day. (Doc. Nos. 21-22). On January 13, 2025, Petitioner filed the instant Motion requesting clarification as to whether a certificate of appealability "would be required on appeal." (Doc. No. 24). In support of the Motion, Petitioner attaches a November 14, 2024 "docketing notice" from the Ninth Circuit indicating that "[n]o

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 18).

briefing schedule will be set until the Ninth Circuit and/or the district court determines whether a certificate of appealability should issue." (*Id*. at 24).

As an initial matter, the Court has not received any direction from the Ninth Circuit to issue a decision as to whether a certificate of appealability should issue. (*See* docket). A review of the docket in the Ninth Circuit similarly reveals no instruction to this Court regarding the issuance of a certificate of appealability. *See Plaza-Uzeta v. Taylor*, Case No. 24-6902.[2] Regardless, as a federal prisoner proceeding under 28 U.S.C. § 2241, Petitioner is not required to obtain a certificate of appealability to proceed with his appeal to the Ninth Circuit. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding that the plain language of 28 U.S.C. § 2253(c)(1) does not require federal prisoners bringing § 2241 petitions to obtain a COA in order to appeal, unless the § 2241 petition "is merely a 'disguised' § 2255 petition.").

Accordingly, it is **ORDERED**:

Petitioner's motion for clarification (Doc. No. 24) is GRANTED to the extent described herein and otherwise DENIED.

Dated:   April 4, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on PACER. *See United States v. Wilson*, 631F.2d 118, 119 (9th Cir. 2980) (court may take judicial notice of court records).